## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THANH VAN TRAN, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 10-6771 |
| SUPERINTENDENT VARANO, et al. | : | |
| | : | |
| Respondents. | : | |

### MEMORANDUM ON PETITION FOR WRIT OF HABEAS CORPUS

Baylson, J.                                                                                         August 31, 2011

### I.     Introduction

Petitioner Thanh Van Tran ("Van Tran") filed a pro se Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2254, raising several grounds for relief.  (Pet., ECF No. 1.)  This Court

referred the matter to Magistrate Judge Carol Sandra Moore Wells for a Report &

Recommendation ("R & R") on the merits (Order, ECF No. 3), and the Commonwealth

responded to Van Tran's Petition (Resp., ECF No. 12).

On May 27, 2011, Judge Wells filed her R & R, which recommends that the Petition be

dismissed for several reasons.  (R & R, ECF No. 15.)  According to Judge Wells, one of Van

Tran's claims is procedurally defaulted and the others are meritless.  On June 12, 2011, Van Tran

timely filed objections to the R & R.[1]  (Objections, ECF No. 18.)  Upon independent and

thorough review, and for the reasons stated below, the Court will adopt the R & R and dismiss

---

[1]       Tran's Objections are dated June 12, 2011.  Although docketed on June 17, the
Court will assume the Objections were timely filed on June 12.  See Nara v. Frank, 264 F.3d 310,
315 n.3 (3d Cir. 2001) (recognizing that pro se prisoner's habeas petition is deemed filed on date
it is placed in prison's internal mail system).

the Petition.

## II.  **Factual and Procedural Background**

According to the Pennsylvania Superior Court, the facts underlying Van Tran's state court

conviction and sentencing are as follows:

> "Following a February 5 to March 1, 1999 jury trial, Van Tran was convicted
> of second-degree murder, criminal conspiracy, possession of instruments of crime
> (PIC), and four counts of robbery stemming from his involvement in a 1995 robbery
> of a massage parlor.  Van Tran and eight co-conspirators agreed to rob the Physical
> Therapy Massage Parlor.  The conspirators were to intimidate the owner of the
> business into giving them $500 per month in protection money.  Van Tran was
> appointed leader of the group entering the massage parlor and had the task of taking
> care of the security officer.  At approximately 1:30 am on August 4, 1995, the
> robbery began.  Three co-conspirators acted as lookouts, and Van Tran and two co-
> conspirators went inside.  They sat in the receiving area reviewing the 'girls.'  Fifteen
> minutes later, the other co-conspirators entered.  Ms. Jackie Kim, the manager, asked
> the final three co-conspirators to leave when it became evident that they had no
> intention of obtaining a massage.  When Ms. Kim asked them to leave a second time,
> Van Tran and a con-conspirator drew their guns.  The security officer attempted to
> unholster his weapon but was shot one time each by Van Tran and the co-conspirator.
> The security officer fell to his knees when he was shot again in the head.  He fell to
> the floor.  At that time, Van Tran shot him in the back of the head.
>
> The conspirators then robbed the girls and the patrons, in some instances by
> threatening to rape or kill them.  One of the co-conspirators raped one of the girls.
> The conspirators then ordered the girls to disrobe and bound them together with
> electrical and telephone cables. Ms. Kim was handcuffed to a clothes rod in a storage
> room.  Van Tran took the patron[s'] driver's licenses and warned them not to call the
> police because he knew where they lived.  The conspirators left and divided the
> stolen goods; Van Tran received $1000.
>
> Van Tran was charged with ninety-seven counts for his involvement in the
> robbery of the massage parlor and the homicide of the security officer.  Following the
> conviction, Van Tran received a life sentence and a consecutive aggregate sentence
> of twenty to forty years of imprisonment on the murder, criminal conspiracy, PIC and
> four robbery charges; ninety-one of the counts were <u>nolle prossed</u>."

Commonwealth v. Van Tran, No. 3430 EDA 2008, slip op. at 1-3 (Pa. Super. Ct. Oct. 27, 2009).

Van Tran filed a direct appeal of his conviction and sentence, which the Pennsylvania

Superior Court affirmed.  Commonwealth v. Van-Tran, No. 2969 EDA 1999, at 18 (Pa. Super.

Ct. Sept. 5, 2002). On direct appeal, Van Tran raised four issues: (1) insufficient evidence to support the conviction for second-degree murder; (2) the trial court's refusal to instruct the jury on the defense of duress; (3) failure to grant a mistrial for a detective's use of the term "organized crime" during his testimony; and (4) the prosecutor's closing argument was unduly prejudicial. The Pennsylvania Supreme Court denied allocatur.

On January 2, 2004, Van Tran filed a timely pro se petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. ("PCRA"). He sought post-conviction relief based on several claims, including counsel's failure to preserve or appeal the denial of his motion to suppress statements to the police and violation of his right to receive Miranda warnings. Van Tran's appointed counsel filed an amended PCRA petition, was subsequently removed from the case, and new appointed counsel filed a corrected supplemental amended petition. In this amended petition, appointed counsel raised one issue: whether appellate counsel was ineffective for failure to appeal the denial of the motion to suppress Van Tran's statements to police for failure to properly advise under Miranda.

The PCRA trial court denied the petition, Commonwealth v. Van Tran, No. CP-51-CR-07/93651-1997, slip op. at 4 (Phila. Ct. Com. Pl. Dec. 19, 2008), and the Pennsylvania Superior Court affirmed, Van Tran, No. 3430 EDA 2008, slip op. at 7. The Pennsylvania Supreme Court denied Van Tran's request for an allowance of appeal.

Van Tran filed the instant Petition for Writ of Habeas Corpus on November 15, 2010. (Pet.); see Nara v. Frank, 264 F.3d 310, 315 n.3 (3d Cir. 2001) (recognizing that pro se prisoner's habeas petition is deemed filed on date it is placed in prison's internal mail system). He claims his statements to police were coerced, trial counsel was ineffective for failing to challenge the

denial of the motion to suppress his statements, and appellate counsel was ineffective for failing

to appeal the denial of the motion to suppress.  Judge Wells recommends the Petition be

dismissed.[2]  (ECF No. 15.)  Van Tran filed timely objections.  (ECF No. 18.)

### III.   Parties' Contentions

#### A.    Habeas Petition

Van Tran raises three issues in his Petition.  Initially, he claims he did not receive

Miranda warnings in his native language, Vietnamese, prior to making statements to the police.

Based on this claim, he then asserts two counsel errors.  First, he claims his trial counsel was

ineffective for failing to challenge the denial of the motion to suppress statements to the police

and, second, appellate counsel was ineffective for failing to raise the issue on appeal.  In his

accompanying Memorandum of Law, he also claims he was denied access to counsel during the

interrogation and the PCRA trial court erred by denying him an evidentiary hearing.

In the Memorandum of Law, Van Tran alleges the PCRA courts misstated the record

when they found he was advised of his rights in Vietnamese.  According to Van Tran, the

interpreter the police eventually summoned admitted that he did not translate the Miranda

warnings.  For this reason, he contends the record does not support the state courts' conclusion

and he requests an evidentiary hearing to clarify the record.

#### B.    Summary of the R & R

In the R & R, Judge Wells recommends dismissal of Van Tran's Petition as procedurally

---

[2]      In her R & R, Judge Wells concludes that, after extensions of time, the
Commonwealth timely responded to Van Tran's Petition, even though the response was not
docketed until two months after service.  (R & R at 4 & n.6.)  Van Tran does not challenge this
conclusion and this Court has no need to reconsider the matter.

defaulted and meritless.  Judge Wells first concludes that Van Tran did not exhaust his claim for

ineffective assistance of trial counsel because he did not raise the issue to the Pennsylvania state

courts on direct or collateral review.  She then finds that Van Tran is time-barred from seeking

PCRA review of the claim and, therefore, it is procedurally defaulted.  Judge Wells concludes

Van Tran did not allege cause and prejudice, or a miscarriage of justice to excuse the default.

Judge Wells then concludes that under the applicable standards of review under the Anti-

terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Van Tran's claims of a coerced

confession and ineffective appellate counsel are meritless.  Van Tran could not rebut the state

courts' findings of fact,[3] the findings were not objectively unreasonable, and the state courts'

conclusions were neither contrary to nor an unreasonable application of federal law.  Thus, she

recommends this Court dismiss the Petition.

### C.    Van Tran's Objections

Van Tran objects to Judge Wells's recommendations, although it is not clear if he objects

to the recommendation for each claim.  For instance, he contends his claims are not procedurally

defaulted, but he confuses Judge Wells's analysis – Judge Wells found the claim for ineffective

---

[3]    On January 20 and 21, 1999, before the trial, the Philadelphia Court of Common
Pleas held a two-day hearing on Van Tran's motion to suppress his statements to police.  Van
Tran alleged he was not properly advised of his Miranda warnings and he was denied access to
counsel.  The hearing testimony from January 20 was transcribed and available on PCRA review.
The notes of testimony from January 21, however, could not be recovered.  To remedy this
omission and for purposes of PCRA review, in November 2007, counsel for the Commonwealth
and Van Tran's appointed counsel stipulated to reconstructed testimony based on the notes of the
presiding judge and the prosecuting attorney.  See Pa. R. App. P. 1923 (permitting appellants to
"prepare a statement of evidence of proceedings from the best available means, including
recollection").  The PCRA courts used this recreated testimony to render their factual findings,
and Judge Wells justifiably presumed these findings are correct.  See Rolan v. Vaughn, 445 F.3d
671, 680 (3d Cir. 2006) (acknowledging district courts should presume correctness of PCRA
appellate court's factual findings).

trial counsel procedurally defaulted, but Van Tran focuses on his substantive Miranda claim. Nevertheless, the Court will liberally interpret Van Tran's pro se Objections and conclude he has objected to Judge Wells's recommendations for each claim.

## IV.   Legal Standards

District courts review de novo the portions of the Magistrate Judge's R & R specifically objected to.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made."); see also Fed. R. Civ. P. 72.  When reviewing documents filed pro se, a court must keep in mind that such documents are to be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Under AEDPA, federal habeas courts must deny a habeas petition unless the court is satisfied that the state court made a determination which "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."[4]  See 28 U.S.C. § 2254(d)(1), (2).

The "contrary to" and "unreasonable application" prongs have independent meanings. See Penry v. Johnson, 532 U.S. 782, 792 (2001).  The state court's determination is "contrary to" clearly established federal law if the state court either applies a rule that contradicts governing

---

[4]       AEDPA's standards of review apply to "any claim that was adjudicated on the merits in State court proceedings."  See 28 U.S.C. § 2254(d).  This includes claims derivative of ineffective assistance of counsel claims decided on PCRA review.  Cf. Albrecht v. Horn, 485 F.3d 103, 116 (3d Cir. 2007) (finding sufficient state court's adjudication of merits under prejudice prong of ineffectiveness claim).  The Philadelphia Court of Common Pleas denied the original motion to suppress, and the PCRA courts considered the ineffective appellate counsel claims.  Therefore, these claims were adjudicated and AEDPA's standards of review apply.

law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless reaches a different result.  Id.  The state court's determination is an "unreasonable application" of clearly established federal law if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.  Id.  Under this second prong, the court asks whether the state court's application of clearly established federal law was objectively unreasonable – it is not enough that the state court applied the law incorrectly, rather that incorrect application must also be objectively unreasonable.  Id. at 793;  see Bond v. Beard, 539 F.3d 256, 263 (3d Cir. 2008) (noting federal habeas court should not grant petition unless state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent).

Section 2254(d)(2) offers an alternative standard of review.  A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); see 28 U.S.C. § 2254(d)(2).  This standard considers the evidence relied on in the state court proceedings and assesses whether the decision was reasonable or unreasonable given that evidence.  Lambert v. Blackwell, 387 F.3d 210, 235 (3d Cir. 2004).  If the decision is unreasonable in light of the evidence, habeas relief is warranted.  Id.  Within this overarching standard, the petitioner can attack individual factual determinations that underlie the ultimate decision, but only if the petitioner can rebut those findings by clear and convincing evidence.  Id.  Even if some facts are rebutted, if the state court's determination is not objectively unreasonable in light of the remaining facts, no relief is

warranted.  Id. at 235-36.

In conducting its review, this Court must presume the state court's factual determinations are correct, and petitioners bear the burden of rebutting this presumption with "clear and convincing evidence."  See Bond, 539 F.3d at 263 (citing 28 U.S.C. § 2254(e)(1)).  This presumption applies even if the state appellate court, rather than the trial court, determines the facts under consideration.  See Rolan v. Vaughn, 445 F.3d 671, 680 (3d Cir. 2006); Dickerson v. Vaughn, 90 F.3d 87, 90-91 (3d Cir. 1996).

## V.   **Discussion**

### A.   **Van Tran is Not Entitled to an Evidentiary Hearing**

Van Tran requests an evidentiary hearing to clarify testimony at the original trial court's suppression hearing in January 1999.  As mentioned above, the notes of testimony from the second day of the suppression hearing could not be recovered and the record now consists of testimony recreated several years later from the notes of the presiding judge and the prosecuting attorney.  See Pa. R. App. P. 1923 (permitting appellants to "prepare a statement of evidence of proceedings from the best available means, including recollection").  But on habeas review, federal courts are constrained in their discretion to hold evidentiary hearings.

Pursuant to § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows" the claim (1) relies on a new, retroactive constitutional rule or a factual predicate that could not have been previously discovered through exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have

found the applicant guilty of the offense.

This provision, however, only applies where the petitioner has not developed the record in the state court proceedings, and failed to do so despite exercising diligence in attempting to develop the record.  See Williams v. Taylor, 529 U.S. 420, 437 (2000).  Where an applicant has developed the factual basis in state court, he is not entitled to a federal evidentiary hearing. Goldblum v. Klem, 510 F.3d 204, 220 (3d Cir. 2007); Rolan, 445 F.3d at 680.  Simply, a hearing is not required on issues that can be resolved by reference to state court proceedings.  Goldblum, 510 F.3d at 220.

Van Tran is not entitled to a federal evidentiary hearing because he did the develop the record and this Court can determine his habeas claims by reference to that record.  The Philadelphia Court of Common Pleas held a two-day hearing on Van Tran's motion to suppress. The interrogating detective, Detective Baker, and the interpreter, Phu Huynh ("Huynh"), both testified.  Van Tran did not testify.  Although there is no transcript of the interpreter's testimony, the record includes recreated testimony stipulated to by the Commonwealth and Van Tran's appointed PCRA counsel.  See Pa. R. App. P. 1923.  Notably, Van Tran does not claim there is any other evidence he would add to the record; rather, he wants the opportunity to clarify the existing and developed state court record.  (See Pet. at 13; Objections at 3-4, 6.)  In fact, according to Van Tran, the current record is sufficient to show the alleged constitutional error because it does not support the state courts' factual findings.  Under these circumstances, the Court concludes Van Tran did develop the record in state court proceedings and, therefore, he is not entitled to a federal evidentiary hearing.  See Goldblum, 510 F.3d at 220-21.

In his Petition, Van Tran also claims that the PCRA court erred by denying him an

evidentiary hearing.  This claim is not cognizable on federal habeas review.  Diggs v.

DiGuglielmo, No. 06-24, 2007 WL 4116311, at *45 (E.D. Pa. Nov. 15, 2007) (Padova, J.); see

Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (asserting federal role on habeas is

limited to what occurred in state proceedings that actually led to petitioner's conviction; what

occurred in collateral proceedings does not enter into habeas calculation).

### B.  Ineffective Trial Counsel

The Court agrees this claim is procedurally defaulted.  Federal courts may grant a state

prisoner's habeas petition only if the petitioner has exhausted the remedies available in state

court.  Rainey v. Varner, 603 F.3d 189, 198 (citing 28 U.S.C. § 2254(b)(1)(A)).  A petitioner

exhausts his claims in Pennsylvania by at least making the claim to the trial court and the

Pennsylvania Superior Court.  See Lambert, 387 F.3d at 233-34.

The exhaustion requirement mandates the claim must have been "fairly presented" to the

state courts; fair presentation means that a petitioner must present a federal claim's factual and

legal substance to the state courts in a manner that puts them on notice a federal claim is being

asserted.  Rainey, 603 F.3d at 198.  Fair presentation is sufficient – claims need not have been

considered or discussed by the state courts.  Id.

In general, if a claim is unexhausted, the habeas court should dismiss the habeas petition

to allow the petitioner an opportunity to exhaust his claims, unless it is undisputed that the state

courts would not entertain that claim.  See Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001).

One common example is if the petitioner is barred by the PCRA's statute of limitations from

filing a second petition.  See id.; 42 Pa. Cons. Stat. Ann. § 9545(b)(1).  If the petitioner cannot

return to state court to exhaust his remedies, the claim is procedurally defaulted on federal habeas

review.  Keller, 251 F.3d at 415.  Federal courts cannot consider procedurally defaulted claims unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or, in the alternative, failure to consider the federal claim will result in a fundamental miscarriage of justice.  Id.

A petitioner can show cause by identifying some objective factor external to the defense prevented compliance with the state's procedural requirement.  Id.  Actual prejudice requires the petitioner to show that the errors at trial worked to the petitioner's actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions.  Murray v. Carrier, 477 U.S. 478, 494 (1986).  Finally, to show a fundamental miscarriage of justice, the petitioner must demonstrate actual innocence, by presenting new evidence of innocence, such that no reasonable juror would have voted to find petitioner guilty.  See House v. Bell, 547 U.S. 518, 536-37 (2006).

In this case, Van Tran raised his claim of ineffective trial counsel in his pro se PCRA petition, but appointed counsel did not include the claim in the corrected supplemental amended PCRA petition.  Under Pennsylvania law, the PCRA court only reviews issues presented in the subsequent counseled petition.  Trowery v. Walters, 45 F. App'x 206, 207 (3d Cir. 2002) (citing Commonwealth v. Pursell, 724 A.2d 293, 301-02 (Pa. 1999)).  Raising the claim in the pro se petition, but not in the subsequent counseled amended petition, renders the claim not fairly presented.  See East v. Rozum, No. 10-2158, 2011 WL 2784103, at *3 n.3 (E.D. Pa. June 29, 2011) (Pollak, J.); Jacobs v. Folino, No. 07-925, 2011 WL 1770899, at *6 (E.D. Pa. May 9, 2011) (Baylson, J.).  Even though Van Tran raised this claim in his pro se PCRA petition, his appointed counsel did not include it in his corrected supplemental amended PCRA petition.

Therefore, it was not fairly presented on direct or collateral review in Pennsylvania state court and the claim is unexhausted.

Van Tran can no longer file a second PCRA petition in Pennsylvania because it is barred by the PCRA's one-year statute of limitations.  <u>See</u> 42 Pa. Cons. Stat. Ann. § 9545(b)(1).  He had to file his claim within one year after the judgment of conviction became final.  <u>Id.</u>  The Pennsylvania Supreme Court denied allowance of appeal on March 31, 2003, and the ninety days to seek certiorari from the United States Supreme Court expired June 30, 2003.  <u>See</u> S. Ct. R. 13(1).  Van Tran does not contend any other starting date under section 9545(b)(1) applies.  Consequently, Van Tran's claim of ineffective trial counsel is procedurally defaulted, and he makes no attempt in his Petition or Objections to argue cause and prejudice or miscarriage of justice.  Accordingly, the Court agrees with Judge Wells that this claim should be denied as procedurally defaulted.

###    C.    Coerced Confession

The Court agrees this claim is meritless.  An individual subject to a custodial interrogation is entitled to receive <u>Miranda</u> warnings.  <u>See Miranda v. Arizona</u>, 384 U.S. 436, 468-70 (1966).  There is no dispute in this case that Van Tran was subject to custodial interrogation when he made statements to the police.  Thus, there is no dispute he was entitled to receive <u>Miranda</u> warnings.  In his Petition and Objections, however, Van Tran contends he never received those warnings in a constitutionally acceptable manner because he was not advised of his rights in his native language, Vietnamese.  He also claims the attorney his wife hired to represent him was denied access during the interrogation.

<u>Miranda</u> imposes an obligation to follow certain procedures in dealing with suspects.

Moran v. Burbine, 475 U.S. 412, 420 (1986).  In particular, prior to initiating questioning, the police must fully apprise the suspect of the intent to use statements in court and must inform the suspect of his rights to remain silent and to have counsel present if he chooses.  Id. (citing Miranda, 384 U.S. at 468-70).  Police must communicate these warnings in a way the suspect understands; otherwise, a waiver of those rights cannot be voluntary, knowing, and intelligent.  See id. at 421; Rhode Island v. Innis, 446 U.S. 291, 297 (1980) (confirming failure to give adequate warnings renders any subsequent statement inadmissible at trial).  But the Supreme Court has never insisted the warnings be presented in the exact form described in Miranda.  See Duckworth v. Eagan, 492 U.S. 195, 202 (1989). "[T]he rigidity of Miranda does not extend to the precise formulation of warnings given a criminal defendant, and . . . no talismanic incantation is required to satisfy its strictures."  Id. at 202-03 (quotations and alterations omitted). Rather, the inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by Miranda.  Id. at 203.

   In addition, the Sixth Amendment guarantees the right to have counsel present at all critical stages of criminal proceedings, including interrogation.  Montejo v. Louisiana, 129 S. Ct. 2079, 2085 (2009).  But this right does not guarantee assistance of counsel – the suspect must also invoke the right.  Cf. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991) (stating invoking for one prosecution does not invoke for all future prosecutions).

   With these legal principles in mind, this Court's task is to consider the state courts' findings of fact and to determine whether adjudication of the claims were contrary to or reflected an unreasonable application of federal law.  Fahy v. Horn, 516 F.3d 169, 194 (3d Cir. 2008).

   After a two-day hearing on Van Tran's motion to suppress, the Philadelphia Court of

Common Pleas denied the motion.  In a post-trial opinion, Judge Fitzgerald stated Van Tran "was giv[en] Miranda warnings, and knowingly, intelligently and voluntarily waived his rights and voluntarily gave [a] statement."  Commonwealth v. Van Tran, No. 0365 1/1, slip op. at 13 (Phila. Ct. Com. Pl. Jan. 3, 2001).  On collateral review, the PCRA trial court found:

> "The record demonstrates that when Van Tran was questioned in the Homicide Unit, Detective Baker read Van Tran his Miranda rights in English and Van Tran responded that he understood those rights.  Later, when Van Tran told Detective Baker that he did not completely understand English, Detective Baker summoned a Vietnamese interpreter, Phu Huynh ("Huynh").  Huynh explained Van Tran's Miranda rights in Vietnamese and Van Tran stated that he understood his rights. . . . He did not request a lawyer at any time."

Van Tran, No. CP-51-CR-07/93651-1997, slip op. at 3-4.  On PCRA appeal, the Pennsylvania Superior Court similarly found:

> "The certified record demonstrates that Detective Baker of the Homicide Unit informed Van Tran of his Miranda warnings in English, and Van Tran responded that he understood those warnings.  Later, during the interrogation, Van Tran informed Detective Baker that he did not completely understand English.  Detective Baker obtained an interpreter who explained to Van Tran in Vietnamese the Miranda warnings.  Van Tran stated again that he understood those warnings.
> . . . .
> The record shows that Van Tran did not invoke his right to counsel to the police prior to or during the interrogation. . . . Van Tran failed to inform the police that he wanted to have his attorney present during the interrogation."

Van Tran, No. 3430 EDA 2008, slip op. at 6-7.

Van Tran contends the record does not support these findings, but that is not the Court's inquiry.  Rather, these findings of fact are presumed correct, and Van Tran must identify clear and convincing evidence to rebut these findings.  With regard to the right to counsel, Van Tran argues he asked his wife to retain an attorney for him, but does not allege any evidence that he requested one from the police.  This is insufficient to rebut the state court's factual finding that

he never invoked his right to counsel to the police.

As for the Miranda claim, Van Tran argues clear and convincing evidence based on the fact Detective Baker requested an interpreter to facilitate communications with Van Tran and Huynh's recreated testimony that he did not read Van Tran the Miranda warnings.  The fact Detective Baker and Van Tran eventually developed a communication problem does not sufficiently rebut the findings that Van Tran received and understood the English warnings. Although the subsequent need for an interpreter may create doubt, mere doubt is not sufficient on habeas review.  Rather, Van Tran needs clear and convincing evidence to rebut the presumption of correctness.

Further, even assuming he did not understand his rights when read in English, neither of Van Tran's cited facts clearly and convincingly rebuts the state courts' finding that Huynh explained his rights in Vietnamese.  According to Detective Baker's testimony at the suppression hearing, Huynh interpreted for Van Tran questions asking if Van Tran understood each right, but Huynh did not interpret the list of rights which appear on the previous page.  (Notes of Testimony 61:3-10, Jan. 20, 1999, ECF No. 16 Ex. A.)  In addition, in the Investigation Interview Record, each page of which both Van Tran and Huynh signed, Detective Baker indicates that Huynh explained to Van Tran his rights and that Van Tran acknowledged understanding those rights.  Commonwealth's Mot. to Dismiss Ex. A, Commonwealth v. Van Tran, No. 0365 (filed Sept. 19, 2008).  Huynh testified that he did not recall the two pages of warnings, but he did not disclaim explaining them to Van Tran.  (Agreed Statement in Absence of Transcript Pursuant to Pa.R.A.P. 1923 at 4.)  Based on this record, Van Tran has failed to rebut the presumption that the state courts' findings of fact are correct.

-15-

In light of these facts, there is no merit to Van Tran's coerced confession claim.  He never invoked his right to counsel to the police, and he received – in English and Vietnamese – and understood his <u>Miranda</u> warnings.  Although the Vietnamese warnings were administered in the form of questions confirming his understanding rather than as a statement of his rights, the Court's inquiry is whether the warnings reasonably conveyed his rights.  <u>See Duckworth</u>, 492 U.S. at 203.  After a thorough review of the record in this case, the Court concludes the state courts' adjudication of these claims were consistent with, not contrary to nor an unreasonable application of, federal law.  <u>See</u> 28 U.S.C. § 2254(d)(1).  Further, these factual determinations were not unreasonable in light of the evidence presented at the suppression hearing.  <u>Id.</u> § 2254(d)(2); <u>see</u> <u>Lambert</u>, 387 F.3d at 235.  Accordingly, the Court agrees with Judge Wells that this claim is meritless.

**D.     Ineffective Appellate Counsel**

The Court agrees this claim is meritless.  To establish a claim for ineffectiveness, Van Tran must demonstrate (1) his appellate counsel's performance was deficient, and (2) the deficiency caused him prejudice.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  The first prong is established by showing counsel's performance fell below an objective standard of reasonableness, i.e. counsel made errors so serious that counsel was not acting as the "counsel" guaranteed by the Sixth Amendment.  <u>Kindler v. Horn</u>, 542 F.3d 70, 84 (3d Cir. 2008); <u>Fahy</u>, 516 F.3d at 198 n.33.  The second prong requires a showing that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.  <u>Kindler</u>, 542 F.3d at 84.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding.  <u>Id.</u>  Notably, no Sixth Amendment deprivation occurs if the alleged

-16-

ineffectiveness is based on failure to raise a meritless argument.  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

The Pennsylvania Superior Court denied Van Tran's claim of ineffectiveness because it concluded his underlying claims – of a Miranda violation and denial of access to counsel during his interrogation – had no merit and, therefore, appellate counsel had no reason to raise the issues on appeal.  Van Tran, No. 3430 EDA 2008, slip op. at 6-7.  This conclusion is consistent with, not contrary to nor an unreasonable application of, federal law.  As outlined in the preceding section, there is no merit under federal law to Van Tran's Miranda and counsel claims.  As such, Van Tran was not deprived of the "counsel" guaranteed under the Sixth Amendment.  For these reasons, the Court agrees with Judge Wells's recommendation that this claim is meritless.

**VI.** **Conclusion**

For the foregoing reasons, the Court will adopt the R & R and dismiss the Petition for Writ of Habeas Corpus without an evidentiary hearing.  The Court concludes there is no basis for issuance of a certificate of appealability.  An appropriate Order will follow.

O:\Todd\10-6771 Tran v. Varano\Tran - Habeas Memo - FINAL.wpd